IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

Case No 1:12-cv-04234

AF Holdings LLC,
    Plaintiff,

v.

Kenneth Payne,
Defendant.



## Defendant's First answer to Plaintiff's complaint

1. Defendant avers that Paragraph 1 of the complaint makes legal conclusions that do not require a response, except that Defendant agrees that Plaintiff is seeking relief under the Copyright Act (Title 17 USC $101 et seq).
2. Defendant denies the allegations in Paragraph 2, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
3. Defendant denies the allegations in Paragraph 3, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
4. Defendant is an individual over the age of 18 and resides in Loves Park. Though defendant denies allegation of IP address. Even if the IP address in question was associated with defendants residence on or about April 16th, those facts still do not give rise to personal jurisdiction over Defendant. An IP address is not a person, rather it is merely a series of numbers assigned to a computer or device, which can be access by multiple individuals over time. Moreover, an IP Adress can be simulated from a separate location by an unscrupulous individual, meaning the Plaintiff's software could inadvertently flag an innocent IP adrees if it is being simulated or spoofed by another.
5. Defendant denies the allegations in Paragraph 5, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
6. Defendant denies the allegations in Paragraph 6, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations. Defendant denies the allegations in Paragraph 2, because defendant does

not have sufficient knowledge or information to form a belief about the truth of the allegations.
7. Defendant denies the allegations in Paragraph 7, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
8. Defendant denies the allegations in Paragraph 8, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
9. Defendant denies the allegations in Paragraph 9, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
10. Defendant denies the allegations in Paragraph 10, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
11. Defendant denies the allegations in Paragraph 11, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
12. Defendant denies the allegations in Paragraph 12, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
13. Defendant denies the allegations in Paragraph 13, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
14. Defendant denies the allegations in Paragraph 14, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
15. Defendant denies the allegations in Paragraph 15, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
16. Defendant denies the allegations in Paragraph 16, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
17. Defendant denies the allegations in Paragraph 17, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
18. Defendant denies the allegation in part 18.
19. Defendant denies the allegations in Paragraph 19, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
20. Defendant denies the allegation in part 20.
21. Defendant denies the allegations in Paragraph 21, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
22. Defendant denies the allegation in part 22.

23. Defendant denies the allegations in Paragraph 23, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
24. Defendant denies the allegation in Paragraph 24

Count 1

25. Defendant denies the allegations in Paragraph 25, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
26. Defendant asserts that Plantiff incorrectly alleges that Defendant willfully infringed their exclusive rights.
27. Defendant denies the allegations in Paragraph 27.
28. Defendant denies the allegations in Paragraph 28.
29. Defendant denies the allegations in Paragraph 29.
30. Plaintiff's claim for statutory damages is barred by the US Constitution. Amongst other rights, the fifth amendment right to due process bars Plaintiff's claim. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., V Campbell, 528 U.S. 408, 123 S. Ct 1513, 1524(2003); see also Parker v. Time Warner Entertainment Co., 331 F. 3d 13,22 (2nd Cir.2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D.Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." Id. If all of Plaintiff's settlements for infringement of the work in question are added together, the damages are likely to exceed beyond the statutory maximum allowed by copyright statute.
31. Pursuant to applicable law concerning whether statutory damages are constitutional and to what extent, Plaintiff's recovery, if any, must necessarily have a reasonable relationship to the Plaintiff's actual damages caused by the alleged infringement.
32. Defendant denies the allegations in Paragraph 32.
33. Defendant denies the allegations in Paragraph 33.
34. Defendant denies the allegations in Paragraph 34.
35. Defendant denies the allegations in Paragraph 35.
36. Defendant denies the allegations in Paragraph 36, because defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.
37. Defendant denies the allegations in Paragraph 37.
38. Defendant denies the allegations in Paragraph 38.
39. Defendant denies the allegations in Paragraph 39.
40. Defendant denies the allegations in Paragraph 40.
41. Defendant denies the allegations in Paragraph 41.
42. Defendant denies the allegations in Paragraph 42.
43. Defendant denies the allegations in Paragraph 43.
44. Defendant denies the allegations in Paragraph 44.
45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.
47. Defendant denies the allegations in Paragraph 47.
48. Defendant denies the allegations in Paragraph 48.
49. Defendant denies the allegations in Paragraph 49.
50. Defendant denies the allegations in Paragraph 50.
51. Defendant avers that Paragraph 51 of the complain makes legal conclusions that do not require a response.

Defenses
1) Plaintiff Incorrectly alleges that Defendant willfully infringed their exclusive rights under 17 U.S.C. $$ 106(1)-(3) and (5).
2) RULE 12(b), Fed R. Civ. P. Plaintiff is unable to prove that Defendant Doe's alleged activities even constituted an act of infringement because it cannot be demonstrated based on evidence provided that Defendant made a complete copy of the work alleged by Plaintiff.
3) Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex (the law cares not for trifle) or de minimis use.
4) Any infringing activity via Defendants internet connection was momentary at best. Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by the Defendant.
5) Plainitff has made no attempt to mitigate any actual or perceived damages which Defendant expressly denies; therefore, Defendant requests dismissal off Plaintiff's Complaint because Plaintiff has failed to take the necessary steps to mitigate any damages.
6) Nonwithstanding any other defenses disclosed herein or without admitting any conduct by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because his access of any content would not have been willful and instead in good-faith.
7) Plaintiff's claim for statutory damages is barred by the US Constitution. Amongst other rights, the fifth amendment right to due process bars Plaintiff's claim. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., V Campbell, 528 U.S. 408, 123 S. Ct 1513, 1524(2003); see also Parker v. Time Warner Entertainment Co., 331 F. 3d 13,22 (2nd Cir.2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D.Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." Id. If all of Plaintiff's settlements for infringement of the work in question are added together, the damages are likely to exceed beyond the statutory maximum allowed by copyright statute.
8) Plaintiff's claims are barred by the doctrine of unclean hands.
9) Plaintiff's for-profit business model has been extensively documented in the news media (see for Example, http://www.usnews.com/news/articles/2012/02/02/porn-companies-file-mass-piracy-lawsuits-are-you-at-risk; and in recent U.S. District

Court case, these cases were labeled 'nationwide blizzard." In re Bit Torrent Adult Film Copyright Infringement Cases, 2:11-cv-03995, 12-1150, and 12-1154, Order and Report and Recommendation dated May 1, 2012 at p.2.
10) Plaintiff is not entitles to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.