IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KENNETH PAYNE, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No.: 1:12-cv-04234 <br><br> Judge: Hon. Gary Feinerman <br><br> Magistrate Judge: Hon. Jeffrey T. Gilbert |

**PLAINTIFF'S RULE 26(a)(1) INITIAL STATUS REPORT**

Pursuant to this Court's October 31, 2012 Docket Entry (ECF No. 16), Plaintiff's counsel respectfully submits this Initial Status Report, which Plaintiff's counsel prepared because Plaintiff's counsel has been unable to obtain the required information from the Defendant.

A. **Nature of the Case.**

1. Attorneys of Record. Plaintiff's attorney of record and lead trial counsel is Paul Duffy. No attorney has appeared for the Defendant in this case.

2. Basis of Federal Jurisdiction. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

3. Nature of the claim(s) any counterclaim(s). Plaintiff AF Holdings, Inc. alleges that Defendant violated its exclusive rights in the copyrighted creative works at the heart of this action via computer-based peer-to-peer file transfer networks. Specifically, Plaintiff alleges that Defendant used the BitTorrent file transfer protocol to reproduce and distribute the copyrighted creative works from and up to thousands of third parties.

Plaintiff seeks in excess of $100,000 in damages. There are presently no counterclaims.

4. <u>Whether the Defendant will answer the complaint or, alternatively, whether the Defendant will otherwise plead to the complaint.</u> The Defendant filed his answer on October 17, 2012 (ECF No. 15.)

5. <u>Principal legal and factual issues.</u> Whether, as Plaintiff alleges, Defendant knowingly and illegally reproduced and distributed Plaintiff's copyrighted video by acting, in concert with others via the BitTorrent file sharing protocol, and thereby engaged in copyright infringement under the United States Copyright Act and related contributory infringement and negligence claims under applicable common law.

6. <u>Which Defendants have been served with process, which Defendants have not been served, and the status of efforts to effect service on the unserved Defendants.</u> Plaintiff has served the sole Defendant in this case with process.

B. **<u>Proceedings to Date.</u>**

1. <u>Summary of all substantive rulings (including discovery rulings) to date.</u> The Court granted Plaintiff's Motion for Leave To Take Discovery Prior To Rule 26(f) Conference on June 8, 2012. (ECF No. 8.) On October 30, 2012, the Court ordered Plaintiff to submit its initial status report by November 6, 2012. (ECF No. 16.)

2. <u>Description of all pending motions, including date of filing and briefing schedule.</u> None.

C. **Discovery and Case Plan.**

1. Summary of discovery, formal and informal, that has already occurred. Pursuant to the Court's substantive motions. Pursuant to the Court's June 8, 2012 Order, Plaintiff served a subpoena upon the Internet Service Provider for the Internet Protocol number referenced in the initial Complaint in this matter.

2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately. Plaintiff anticipates such discovery, and will inform Defendant of his obligation to preserve such information, and will promptly submit written discovery for such information to Defendant.

3. Proposed scheduling order.

    a. Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) are not appropriate. Plaintiff proposes that the parties make Rule 26(a)(1) disclosures on or before December 17, 2012.

    b. Deadline for issuing written discovery requests. January 8, 2013.

    c. Deadline for completing fact discovery. February 8, 2013.

    d. Whether discovery should proceed in phases. No.

    e. Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions. Plaintiff contemplates the possibility for expert discovery, and proposes a Rule 26(a)(2) disclosure and expert depositions of March 8, 2013 and March 29, 2013.

    f. <u>Deadline for amending the pleadings and bringing in other parties.</u> April 12, 2013.

    g. <u>Deadline for filing dispositive motions.</u> May 10, 2013.

  4. <u>Whether there has been a jury demand.</u> Yes.

  5. <u>Estimated length of trial.</u> Three days.

D. <u>Settlement.</u>

  1. <u>Describe settlement discussions to date and whether those discussions remain ongoing.</u> Plaintiff's representatives have attempted to discuss settlement in writing and by telephone with Defendant. The discussions are not presently ongoing.

  2. <u>Whether the parties request a settlement conference.</u> Plaintiff does request a settlement conference.

E. <u>Magistrate Judge.</u>

  1. <u>Whether the parties consent to proceed before a magistrate judge for all purposes.</u> Plaintiff consents to proceed before a magistrate judge.

  2. <u>Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.</u> None.

Respectfully submitted,

AF Holdings, LLC

DATED: November 6, 2012

By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Telephone: (312) 880-9160
Facsimile: (312) 893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*